**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JOE LOUIS KELLEY, JR.                                                                                         PLAINTIFF

v.                                             2:13CV00169-BSM-JTK

RAY HOBBS, et al.                                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.    Introduction

Plaintiff Joe Louis Kelley filed this pro se action pursuant to 42 U.S.C. § 1983, while incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He notified the Court of his release from incarceration on August 27, 2014 (Doc. No. 20). Plaintiff claims Defendants violated his constitutional rights by enforcing the ADC grooming policy, which required him to be clean-shaven, in violation of his Islamic religious beliefs (Doc. No. 4). Plaintiff asks for monetary and injunctive relief from Defendants Deputy Director Larry May, Warden Danny Burl, Deputy Warden David Mills, Senior Chaplain Alex Bray and Assistant Chaplain Antonio Neely.

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 35). Plaintiff has not filed a Response, despite the Court's April 10, 2015 Order

directing such (Doc. No. 35).[1]

## II.     Amended Complaint

Plaintiff alleges he was forced to shave on August 16, 2012, after months of trying to talk to Defendant Bray about his religious beliefs. (Doc. No. 4, p. 4) He claims he requested interviews from Defendants and filed grievances concerning his religious need to grow a beard, yet was denied an exemption from the ADC policy. He also complains that the ADC posted a clean-shaven picture of him on its website, which caused him humiliation. (Id.)

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a

---

[1] The Court cautioned Plaintiff that failure to respond could result in the dismissal without prejudice of his complaint, for failure to prosecute, pursuant to Local Rule 5.5(c)(2), or in all of the facts set forth in the summary judgment motion being deemed admitted by him, pursuant to Local Rule 56.1(c).

genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A.     Exhaustion

Defendants first ask the Court to dismiss Plaintiff's complaint against them for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, and the ADC grievance procedure, Administrative Directive (AD) 12-16 (Doc. No. 35-5). Defendants also rely on case law which requires that all remedies be exhausted in accordance with the grievance procedure rules, prior to the filing of a lawsuit. Woodford v. Ngo, 548 U.S. 81 (2006). According to Terri Grigsby, inmate grievance coordinator, the ADC grievance policy requires that an inmate first submit an informal resolution, which includes naming all personnel accused of wrongdoing. (Doc. No. 35-3) However, the grievance Plaintiff filed complaining about the grooming policy did not name any of the individual defendants. (Id.) Therefore, pursuant to Burns v. Eaton, Plaintiff's

failure to name Defendants should result in the dismissal of this lawsuit. 752 F.3d 1136 (8th Cir. 2014) (where the court held that an inmate's failure to name one of the defendants in a grievance, or describe her role in the alleged harm, required her dismissal for failure to comply with the ADC requirement that grievances "specifically name each individual involved" in an incident.)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section

1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  In Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007). And, in Burns v. Eaton, the Eighth Circuit held that an exhausted grievance which named one officer involved in a pepper spray incident did not cover the plaintiff's allegations against a second officer named in his complaint, when the grievance did not name the second officer and did not include a description of his allegedly-unlawful actions.  752 F.2d at 1141.

The Court has reviewed the grievance Plaintiff filed, EA 13-01706, and agrees that he did not name any individuals, let alone any of the Defendants, in his informal resolution. (Doc. No. 35-4, pp. 1, 3) However, in the Warden's response to the formal grievance, he refers to a statement made by Defendant Bray that it is not a sin against a Sunni Muslim's religion to shave a beard.  (Id., p. 4)  In his appeal, Plaintiff complains about Defendant Burl's reliance on Bray's statement, stating that Bray has no authority to speak on behalf of his religion, and complains that Bray and Burl will not talk with him or allow him to explain his religious beliefs. (Id.) Plaintiff's appeal was rejected by Defendant May, after "reviewing all supporting documentation."  (Id., p. 5) Based on the responses to Plaintiff's grievances, the Court finds that the references to Bray and Burl in both the Warden's response and in Plaintiff's appeal are sufficient to satisfy the grievance requirements that the individuals be

6

named in the grievance. Therefore, while Defendants' motion should be granted with respect to Defendants May, Mills, and Neely, for failure to exhaust, it should be denied with respect to Defendants Burl and Bray on that basis.

**B.     Immunity**

The Court agrees with Defendants that Plaintiff's damages claims against them in their official capacities should be dismissed, pursuant to sovereign immunity. Will v. Michigan Dept. Of State Police, 491 U.S. 58, 65 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 755 (8th Cir. 1997).

The Court also agrees that remaining Defendants Burl and Bray are protected from damages liability against them in their individual capacities by qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the

light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

In this action, Plaintiff challenges the ADC grooming policy, which required that all inmates be clean-shaven, absent a medical or religious exemption. (Doc. No. 4, pp. 6-7) Plaintiff was released from incarceration on August 27, 2014. (Doc. No. 20) Following his release, this Court stayed the proceedings in this action, pending the resolution in Holt v. Hobbs, No. 13-6827, a case challenging the ADC grooming policy which was pending before the United States Supreme Court. (Doc. No. 25). On January 20, 2015, the United States Supreme Court held in Holt that the ADC grooming policy violated the Religious Land Use and Institutionalized Persons Act by limiting Holt's beard to half an inch. 135 S.Ct. 853 (2015). The ADC then instituted a new grooming policy, Administrative Directive (AD) 15-04, which permits inmates with a sincere religious belief to request an accommodation regarding facial hair, but requires them to shave for a clean-shaven photograph, and then permits them to grow facial hair pursuant to their religious belief. (Doc. No. 35-1)

Therefore, prior to the ruling in Holt, Defendants reasonably relied on the ADC

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

grooming policy which required inmates to be clean-shaven, absent an exemption, and Plaintiff provides no facts or clearly-established law to show that their actions were not reasonable. Given Plaintiff's failure to respond to Defendants' Motion, and Defendants' reliance on the prior policy which was not found improper until **after** Plaintiff was released, no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

## C.     Injunctive Relief

In addition, the Court finds that Plaintiff's request for injunctive relief is moot, given his subsequent release from incarceration and the change in the ADC grooming policy. Even assuming Plaintiff may return to incarceration, the alleged violations "could not reasonably be expected to recur." Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc., 528 U.S. 167, 193 (2000).

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendants' Motion for Summary Judgment (Doc. No. 35) be GRANTED.

2.     Plaintiff's Complaint against Defendants May, Mills, and Neely be DISMISSED without prejudice, for failure to exhaust.

3.     Plaintiff's Complaint against Defendants Bray and Burl be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 19th day of May, 2015.

$\qquad\qquad\qquad\qquad$_____
$\qquad\qquad\qquad\qquad$JEROME T. KEARNEY
$\qquad\qquad\qquad\qquad$UNITED STATES MAGISTRATE JUDGE